**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JUAN CARLOS VARELA-
MALDONADO,

      Defendant - Appellant.

No. 18-2078
(D.C. No. 1:15-CR-01516-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

After examining defense counsel's *Anders* brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This

case is therefore ordered submitted without oral argument.

Defendant Juan Carlos Varela-Maldonado pled guilty to conspiring to distribute

methamphetamine, distributing methamphetamine, possessing methamphetamine with

intent to distribute, and illegally possessing firearms and ammunition. The district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

calculated an advisory sentencing range of 168 to 210 months and sentenced Defendant to a total sentence of 150 months of imprisonment.

Defendant filed a timely notice of appeal. His appellate defense counsel subsequently filed a brief asserting that there are no non-frivolous issues to appeal and seeking to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defendant and the government were both given the opportunity to file a response to the *Anders* brief, but neither has chosen to do so.

When defense counsel files an *Anders* brief, we conduct "a full examination of all the proceedings[] to decide whether the case is wholly frivolous." *Id.* at 744. We have reviewed the entire record in this case and have seen nothing which would call into question the validity of Defendant's plea of guilty, the correctness of the district court's sentencing determinations, or the reasonableness of the below-guidelines sentence imposed by the district court. Nor does the record reveal any other potentially meritorious issues that Defendant could pursue on appeal.

We accordingly **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge